UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRACAMONTES,<br><br>        Petitioner,<br><br>   v.<br><br>MICHAEL L. BENOV,<br><br>        Respondent. | Case No. 1:14-cv-01238-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONENT'S MOTION TO DISMISS THE PETITION (DOC. 12), DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (DOC. 1), AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the Respondent's motion to dismiss the petition as moot, which was filed on October 31, 2014. Although the thirty-day period for filing opposition has passed, no opposition to the motion has been filed.

    I.   Background

    Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the forfeiture of twenty-seven days of good conduct time credit that Petitioner suffered as a result of prison

1

disciplinary findings that he engaged in prohibited conduct by possessing stolen property on or about November 20, 2013. (Pet., doc. 1 at 9-10.) Petitioner challenges the finding and seeks invalidation of the sanction. Petitioner raises the following claims: 1) because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and lacked the authority to conduct the disciplinary hearing and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the hearing officer was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearing was violated. (Id. at 3-9.)

Respondent moves for dismissal of the petition for mootness because the disciplinary charges were reheard via teleconference on August 26, 2014, by a certified disciplinary hearing officer of the BOP, who found that Petitioner had committed the prohibited misconduct. The BOP DHO assessed the same disallowance of good conduct time credit (twenty-seven days). (Decl., doc. 12-1 at 1-3; doc. 12-1 at 13-16.)

II. Mootness

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has

suffered some actual injury that can be redressed by a favorable judicial decision.  Id.  A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution.  Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).  A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus.  Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  Mootness is jurisdictional.  See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000).  Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied.  Spencer v. Kemna, 523 U.S. 1, 18.

    Here, documentation submitted by Respondent in support of the motion to dismiss demonstrates that the claims initially alleged by Petitioner are no longer in controversy.  The charges were reheard by an officer who had the qualifications Petitioner had alleged were required by principles of due process of law and the pertinent regulations.  It is undisputed that the findings and sanctions that constituted the objects of Petitioner's challenges in the petition have now been superseded by the findings and sanctions of the certified BOP DHO.

    When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot.  Calderon v. Moore, 518 U.S. 149, 150 (1996).  Here, the only relief that Petitioner sought was invalidation of the findings and associated sanctions.  The rehearing of the incident report by an indisputably qualified DHO has effectuated the relief

3

sought by Petitioner.  Thus, this Court can no longer issue a decision redressing the injury.

Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness.  The matter is, therefore, moot because the Court may no longer grant any effective relief.  See, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas claim was moot where a former inmate sought placement in a community treatment center but was subsequently released on parole and no longer sought such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed).

Accordingly, it will be recommended that the Court grant the motion to dismiss the petition as moot.

III.   Recommendations

Based on the foregoing, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition as moot be GRANTED;

2) The petition for writ of habeas corpus be DISMISSED as moot; and  3) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, - F.3d -, -, no. 11-17911, 2014 WL 6435497, *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 17, 2014**                    **/s/ Sheila K. Oberto**
                                                               UNITED STATES MAGISTRATE JUDGE